**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**PITONYAK MACHINERY CORPORATION**                                                          **PLAINTIFF**

**v.**                                         **4:08CV00581-WRW**

**CRUSTBUSTER-SPEED KING, INC.**                                                          **DEFENDANT**

**ORDER**

Pending is Plaintiff's Motion for Default Judgment (Doc. No. 4). Defendant has responded (Doc. No. 6) and Plaintiff has replied (Doc. No. 7). Also pending are Plaintiff's Motion to Strike Answer to Complaint (Doc. No. 8) and Motion to Remand (Doc. No. 10). Plaintiff has not responded, and the time for doing so has passed.[1] For the reasons set out below, Plaintiff's Motion to Remand (Doc. No. 10) is GRANTED. Plaintiff's Motion for Default Judgment (Doc. No. 4) and Motion to Strike Answer to Complaint (Doc. No. 8) are DENIED as MOOT.

Plaintiff filed its Complaint in the Circuit Court of Lonoke County, Arkansas, on April 21, 2008.[2] Defendant was served on April 24, 2008.[3] Defendant filed its Notice of Removal on June 26, 2008.[4]

---

[1] Plaintiff filed its Motion to Strike on June 26, 2008, and its Motion to Remand on July 1, 2008.

[2] Doc. No. 11, Ex. B.

[3] Doc. No. 11, Ex. A.

[4] Doc. No. 1.

1

The procedure for removal is set out in 28 U.S.C. § 1446. That section reads, in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.[5]

"A defendant is generally barred from asserting any ground for removal not attempted within that thirty day period."[6] Congress created one exception for situations in which the complaint, as originally filed, is not removable, but where a defendant is later served an "amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ."[7]

Defendant filed its Notice of Removal on June 26, 2008 -- more than two months after it had been served. Defendant's Notice was filed well beyond the statutory 30-day limit, and the exception to that limit is not applicable here. Thus, Defendant is barred from removing this case. Accordingly, Plaintiff's Motion to Remand (Doc. No. 10) is GRANTED. All other pending Motions (Doc. Nos. 4, 8) are DENIED as MOOT.

IT IS SO ORDERED this 16th day of July, 2008.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[5] 28 U.S.C. § 1446(b).

[6] *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007) (citing 28 U.S.C. § 1446(b); *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 600 (8th Cir. 2002)).

[7] 28 U.S.C. § 1446(b).